LAVONIA GALLAGHER

v.

FRANK FRORER.

1. ACTION FOR MONEY HAD AND RECEIVED.—Where a party has obtained money which in equity and good conscience he ought not to retain, or where a party has sold the property of another and received the price in money, the owner may waive the tort and sue for money had and received.

2. STATEMENT.—A and wife owned separate crops of corn, kept distinct
from each other; when the corn was harvested,˙they together sold their corn,
and commenced delivering it. When a portion of A's corn, and a part
of that belonging to his wife, had been delivered, A procured a check for the
payment of the whole, payable to the order of his wife, which she endorsed,
and upon which he received the purchase price. She did not receive from
A any of the money thus obtained. In an action by A's landlord for rent of
the land upon which his crop was raised, and on which he had a landlord's
lien, *held*, that the wife was not liable for money had and received to his, the
landlord's, use.

APPEAL from the County Court of Logan county; the Hon.
S. A. FOLEY, Judge, presiding.   Opinion filed October 2, 1879.

Messrs. BEACH & HODNETT, for appellant; that appellant
having never received the money, cannot be liable in this ac-
tion, cited Knapp v. Hobbs, 50 N. H. 476; Hatton v. Robin-
son, 4 Blackf. 479.

No distress warrant was levied, giving the landlord such pos-
session as would maintain trover: Mead v. Thompson, 78 Ill.
62; Watt v. Scofield, 76 Ill. 261.

An officer before levy cannot maintain trover: Eisendrath v.
Knauer, 64 Ill. 396; Hotchkiss v. McVicker, 12 Johns. 403;
Powers v. Wheeler, 63 Ill. 29; 1 Chitty Pl. 150.

Evidence of the agreement under which the corn was sold,
should have been allowed: 1 Phillips on Ev. *753.

In a suit for money had and received, the party is bound by
his election and cannot maintain an action for the tort: Fire-
men's Ins. Co. v. Cochran, 27 Ala. 228; Roderman v. Clark,
46 N. Y. 354; Tryon v. Baker, 7 Lans. 511; Wellington v. Drew,
16 Me. 51; Brown v. Moran, 42 Me. 44; Foreman v. Neilson, 2
Rich. 289; Gilmer v. Ware, 19 Ala. 252; Patterson v. Pieron-
net, 7 Watts, 337; Brewer v. Sparrow, 7 Barn. & C. 310; Lyth-
goe v. Vernon, 5 Hurls. & N. 180; Watt v. Schofield, 76 Ill. 261.

An instruction giving undue prominence to certain portions
of the testimony is erroneous: Evans v. George, 80 Ill. 51;
Homes v. Hale, 71 Ill. 552; L. S. & M. S. R. R. Co. v. Berlink,
2 Bradwell, 427.

An instruction should state all the facts essential to the de-
fendant's liability: Clarke v. Boyle, 51 Ill. 104; Haskin v. Has-
kin, 41 Ill. 197; Roth v. Smith, 54 Ill. 431.

Instructions not based on the evidence are erroneous: N. E. F. & M. Ins. Co. v. Wetmore, 32 Ill. 221; Hessing v. McCloskey, 37 Ill. 341; Leake v. Brown, 43 Ill. 372; Sprague v. Hazenwinkle, 53 Ill. 419.

Instructions should not take away from the jury the consideration of a fact: Collins v. Waters, 54 Ill. 485.

Mr. E. LYNCH and Mr. E. G. HUDSON, for appellee; that on appeal from a justice a party may succeed in any form of action of which the justice had jurisdiction, cited Thompson v. Sutton, 51 Ill. 213; Vaughn v. Thompson, 15 Ill. 39; Swingley v. Haynes, 22 Ill. 214; Powell v. Feeley, 49 Ill. 143; Pollock v. McClurken 42 Ill. 370.

Disposing, or assuming to dispose of another's property, is a conversion: Everett v. Coffin, 6 Wend. 603; Hamilton v. Hunt, 14 Ill. 472; 2 Hilliard on Torts, 309; 2 Addison on Torts, 1123.

DAVIS, P. J. This was an attachment commenced by appellee against appellant before a justice of the peace, and taken by appeal to the county court, where appellee obtained a judgment for one hundred and twenty-three dollars. The proceeding was commenced by appellee filing an affidavit that he had a just demand against appellant, on account for money had and received, to the amount of $150.50. To reverse the judgment so obtained in the county court, this appeal was taken, and the record shows that appellant and her husband, Robert Gallagher, owned separately a quantity of corn. That owned by her husband was raised by him on forty acres of rented ground, and that owned by appellant was raised by her on forty acres of ground which she owned in her own right, and had cultivated, the expense of raising which she had paid herself. ' The corn owned by appellant and that owned by her husband was put in separate cribs, and kept distinct. The land upon which the corn of Robert Gallagher was raised, was rented to Robert by David Warren, who assigned his lease to appellee, to whom Robert agreed to pay the rent, and appellee had a lien upon the corn raised for one hundred

and sixty dollars, payable on or before February first, 1879. The lease contained a covenant that not the whole or any part of the crops grown on the premises should be sold or removed or fed out on or off said premises, until the rent should be first paid, and if the lessee should sell or remove or feed or offer or attempt to do so, then all of said rents should become due to the lessor at once, and the landlord might proceed at once to collect said rent in any lawful manner.

In January, 1879, appellant and her husband went to New Holland to see about selling their corn. Robert first went to V. R. St. John and made inquiry as to the price of corn, and of storing corn, and after being informed, he told St. John that he and his wife had some corn to sell. He was told to bring his wife in. They both then went in, and St. John asked what they had concluded to do. Robert answered that they had concluded to sell; St. John then turned to appellant and asked her " have you ? " and she answered that she had. He then asked how much they had, and one or the other replied that they had from one thousand to twelve hundred bushels to sell, altogether. On being asked when they would commence the delivery, they said, right away. Robert Gallagher and some other parties commenced hauling the corn on the contract at once, and had delivered eight hundred and twenty-eight bushels. Of this quantity, about six hundred bushels was the corn of Robert, and hauled from his cribs, and the balance belonged to appellant, and was hauled from her cribs. The balance of the corn sold to St. John was not delivered, as a distress warrant had been issued. While the 828 bushels were being delivered, Robert had drawn $2.50, and one evening after he had hauled in a load of corn, he went to the office of St. John and asked for some money. St. John did not have it, and Robert said he wanted to use the money in Lincoln; St. John then said he would give him an order on Coddington & Barrett, and while he was writing it, St. John, according to his testimony, said to Robert, " I suppose you want it made payable to Mrs. Gallagher," and he said " yes." Robert testifies that he has no recollection of telling St. John to make the order in his wife's name, but discovered that it was so made just at the office door, but

supposed it would make no difference as he was then on his way home, and a part of the money represented by the order belonged to him and a part to his wife. She was not present when he got the order. Robert got her to indorse the order to enable him to get his money for himself and her money for her. He got the money on the order and used it. Appellant did not receive any of the money nor did Robert use any of it for her. Appellant knew at the time the ten or twelve hundred bushels of corn were sold to St. John, that her husband's rent was not paid, and that he intended putting in the corn raised by him as his part of the corn sold and she was to put in her corn as her part. She had no interest in the proceeds of his corn and he had no interest in the proceeds of her portion. She indorsed the order to enable her husband to get his money and also that he might get her money for her.

We think it clear from the testimony, that appellee was not entitled to recover from appellant for money had and received to his use. The action will lie wherever one party has obtained money which in equity and good conscience, he ought not to be permitted to retain (Barnes v. Johnson, 84 Ill. 95); and where a party has sold the property of another and received the price in money, the owner can waive the tort and sue for money had and received. Dickinson v. Whitney, 4 Gilm. 409.

But as we view this case, appellant received no money belonging to appellee, nor did she sell any property belonging to appellee, nor did she sell any property belonging to him and receive the money therefor. She did what she had the right to do, sell her own property and try to receive the money for it. She and her husband both had corn which they separately owned in their own right. St. John was buying corn, and there was no impropriety or illegality in the husband and wife going together to make sale of their separate property and in selling it as they they did. There is no evidence that appellant had any knowledge of the covenant in the lease to Robert Gallagher, prohibiting his selling, removing or feeding the corn he raised on the leased premises, until he had first paid the rent. And there is an absence of all evidence showing or tending to show that she knew what he intended to do

with the money he would receive for the corn he owned and sold. In the absence of knowledge on her part of that covenant, she might reasonably suppose he was exercising his right of selling his own corn to obtain the money with which to pay his rent. There can be no pretense that she ever received one cent of the money which her husband obtained on the check he received from St. John. Her mere act of indorsement of the check which had been made payable to her without her knowledge or consent, so that she might receive the money for her own corn which she had sold, cannot make her responsible to appellee for money which she never received. Appellee contends that if he cannot recover the money from her as money had and received by her for his use, he may treat the action which he commenced before the justice as an action of trespass or trover, and recover for the conversion by her of the corn on which he had a landlord's lien. This might be so, if appellant had disposed or assumed to dispose of the corn on which he claimed a lien. But she did nothing of the kind. Her sale of her own corn at the same time of the sale by her husband of his corn, cannot be held as a disposition or an assumption on her part, to dispose of the corn on which he claimed a lien.

The judgment. below must be reversed.

Judgment reversed and case remanded.